**555 P.2d 342**

**Mary FERRANTE, Appellant,**

v.

**Oliver FERRANTE, Appellee.**

**No. 12638.**

Supreme Court of Arizona,
En. Banc.

Sept. 28, 1976.

Sullivan & Brook by Otis D. Sullivan, Phoenix, for appellant.

Galusha & Pierce by Lee Galusha, Phoenix, for appellee.

HAYS, Justice.

This is an appeal from an order modifying a divorce decree. We have taken jurisdiction of the matter pursuant to 17A, A.R.S., Supreme Court Rules, rule 47(e)(5).

On February 2, 1972 a complaint for divorce was filed by Oliver Ferrante, hereinafter called appellee, against his wife, Mary Ferrante, hereinafter designated appellant. Answer, counterclaim and reply were timely filed and after extensive discovery trial was had on December 26, 1972.

The record shows that on January 8, 1973 a minute entry was filed stating " . . . Formal order for judgment is entered by the court, signed and filed this date. Formal judgment to be presented to the court within five days." Also filed on the same date was a document entitled "Order for Judgment" which was signed by the judge. This document states "Having been under advisement, the Court finds as follows:" and sets out in detail the granting to plaintiff of an absolute divorce, custody of the children and numerous matters regarding disposition of property and support for defendant wife. The document concludes with the statement "Formal Judgment to be presented within five days."

Thereafter nothing occurred until April 5 when a minute entry was filed indicating that if a judgment was not lodged with the court within 10 days the case would be dismissed without prejudice. A judgment was lodged with the court, objections filed thereto and a hearing had on the objections. The record also reflects that objection to the form of judgment was filed by new counsel for appellant, although the record shows change of counsel was actually effected by written stipulation some 15 days later. After taking the matter under advisement the court, on May 14, 1973, signed, settled and approved the judgment. Hearing on appellant's motion for new trial was held June 27, 1973, and the court, after taking the motion under advisement, denied the motion for new trial on July 9, 1973. On August 6, 1973, a written order signed by the judge denying the new trial appears in the record.

As of October 22, 1973, we find a minute entry indicating that appellant (defendant) was granted permission to file a motion for new trial on October 3, 1973 and had failed to do so. The appellant (defendant) was ordered to do so by October 26, 1973.

In the record on appeal we find no further motion for new trial although in two subsequent orders a motion for new trial is denied.

On October 26, 1973 appellant (defendant) filed a Motion to Set Aside Judgment Under Rule 60(c) and Response to Petition for Civil Contempt. The motion alleges fraud and the discovery of new evidence as its basis for setting aside the judgment.

Apparently a hearing on the 60(c) motion was held on November 26, 1973, and the court took the matter under advisement. Thereafter a minute entry was filed denying the motion for new trial which we assume to mean the 60(c) motion to set aside the judgment since there was no pending motion for new trial. This entry was followed by two basically similar orders signed by the court and filed on December 6 and December 31, 1973. These orders amended the May, 1973 judgment nunc pro tunc and awarded an additional $649 to appellant.

All during the aforementioned motions, countermotions, hearings, and orders, extensive discovery proceedings initiated by

appellant were in process. After the ruling on the 60(c) motion, discovery proceeded at the same pace.

On May 29, 1974, the appellant (defendant) filed a pleading entitled "Petition For Order to Show Cause Re Modification of Divorce Decree." Appellant sought additional alimony, attorneys fees and also a court order requiring appellee (Plaintiff) to pay to appellant one-half of sums in bank accounts allegedly undisclosed by appellee prior to the divorce. Ultimately, on July 31, 1974, a hearing was commenced on the order to show cause. Thereafter the court took the matter under advisement and on September 24, 1974, signed and filed the following order:

"This matter having come on regularly for hearing by the Court on the Petition of Defendant-Respondent, Mary Ferrante, for modification of the divorce decree at 2:00 P.M., August 23, 1974, both Parties appearing in person and by Counsel, the matter thereupon being presented and argued to the Court and taken under advisement, the Court finds as follows:

"At the time of the rendition of Decree of Order for Divorce of January, 1973, Plaintiff had in premium savings account, the sum of $3,459.75 which was not disposed of in the order of Divorce.

"Also, Plaintiff possessed coupons in the value of $1,200 at the time of entry of order for Divorce Decree.

"The above property was community property and none of same was distributed under the Decree.

"THEREFORE, IT IS ORDERED that the Plaintiff-Petitioner herein pay to Defendant-Respondent, the sum of $2,329.88, the balance of the property division of the community property.

"IT IS FURTHER ORDERED that the Defendant-Respondent be awarded the sum of $500 to apply on attorney's fees and costs.

"The above sum shall be paid to Respondent through the Clerk of the Superior Court."

It is from this order that the appellant filed her notice of appeal. The first issue raised is as to the effective date of the divorce. Did the order for judgment on January 8 terminate the marriage or was the formal judgment filed May 14 the document which effectuated that result?

Rule 58(a), Rules of Civil Procedure, 16 A.R.S., says:

"Entry. All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry . . . ."

At first blush it might appear that the Order for Judgment filed January 8, 1973 is a judgment; this is the position asserted by the appellee. However, an examination of the document indicates by its terms that it was not intended to usurp the role of the final judgment. It is entitled, "Order for Judgment"; it starts with the language, "Having been under advisement, the court finds as follows;" and it ends by stating "Formal Judgment to be presented within five days." For over a year and one-half as indicated by the numerous entries previously set out, the parties and the court treated the formal judgment of May 14, 1973 as *the* judgment. It seems wholly inappropriate, after numerous pleadings, hearings and changing of positions, to suddenly revert to the January 8 order. We therefore hold that the judgment of May 14, 1973 is the final divorce judgment.

The timeliness of certain motions for new trial, to set aside the judgment, and to modify the judgment was not raised in the trial court nor has it been raised here. This is true also as to certain of the grounds alleged for modification. Since the issues are not raised, we do not propose to consider them.

From the text of the order from which this appeal arises, it appears that the court adopted January 8, 1973 as the date the divorce became final. There are no findings

of fact nor conclusions of law from which we can conclude what effect the adoption of this date had on the court's order. We are unable to discern whether the appellee acquired additional property in the period between January 8, 1973 and May 14, 1973, one-half of which property the wife would be entitled to receive as undivided community property. We therefore remand this matter to the trial court to determine what the court's order should be in the light of our holding that the divorce became final May 14, 1973.

Reversed and remanded for disposition in conformity with the foregoing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.